# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Wayne Miller and Dorothy Miller,**
**Plaintiffs Below, Petitioners**

**vs)  No. 11-1430** (Preston County 11-C-11 and 11-C-116)

**Clear Mountain Bank, Inc. and Trustee Keith Pappas,**
**Defendants Below, Respondents**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Wayne and Dorothy Miller appeal the "Order Granting Summary Judgment" entered by the Circuit Court of Preston County on September 14, 2011. Petitioners are represented by Richard Wehner. Respondent Clear Mountain Bank, Inc. is represented by David M. Thomas and Jacob A. Manning, while Respondent Keith J. Pappas is an attorney who appears pro se. The respondents filed a joint response brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The underlying civil action concerned three loans extended to one or both petitioners by Respondent Clear Mountain Bank. Petitioners asserted that the bank and Respondent Pappas, as trustee, violated the West Virginia Consumer Credit and Protection Act ("CCPA") when foreclosing on certain collateral. The circuit court entered summary judgment for respondents, finding as a matter of law that the CCPA did not apply because these were commercial loans and the CCPA only applies to consumer transactions. Alternatively, the circuit court found that even if the CCPA does apply, petitioners have not alleged a cause of action for violation of the CCPA in light of the express language of the loan documents and the undisputed fact that petitioners failed to pay their indebtedness.

Petitioners raise a sole assignment of error in this appeal: "[w]hether the circuit court erred in granting summary judgment to defendants on the issue of the applicability of the West Virginia Consumer Credit Protection Act regarding the loan of 2008 which had many consumer features including the fact that respondent bank characterized this loan as a consumer loan." Upon appeal of a summary judgment order, we apply a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

1

Petitioners limit their appeal to issues surrounding the 2008 loan, which was the first of the three loans at issue below. This loan was for the principal amount of $350,112. Petitioners assert that this loan was taken out to pay expenses for their farm, including for the training of horses, and to save from foreclosure a different farm owned by a family member.

In their Amended Complaint, petitioners asserted claims under two sections of the CCPA: West Virginia Code § 46A-2-127 and § 46A-2-128. Section 127 provides, inter alia, "[n]o debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims[.]" Section 128 provides, inter alia, "[n]o debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim." Moreover, West Virginia Code §46A-2-122 provides,

> For the purposes of . . . sections . . . one hundred twenty-seven, [and] one hundred twenty-eight . . . the following terms shall have the following meanings: . . .
> (b) "Claim" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of **the transaction is primarily for personal, family or household purposes**, whether or not such obligation has been reduced to judgment.

(Emphasis added.) Upon a careful review of the CCPA and the parties' arguments, we agree that summary judgment was appropriate for respondents on this issue. Farm expenses and the purchase of a farm at a foreclosure sale do not constitute transactions that are "primarily for personal, family or household purposes." We note that in Syllabus Point 1 of *Morris v. Marshall*, 172 W.Va. 405, 305 S.E.2d 581 (1983), we held that "[l]oans made for commercial purposes are not 'consumer loans' within the purview of the West Virginia Consumer Credit and Protection Act."

Petitioners point to West Virginia Code § 46A-1-102(15) that defines "consumer loan" as a loan in which "[t]he debt is incurred **primarily for a personal, family, household or agricultural purpose**[.]"[1] (Emphasis added.) Petitioners argue that the 2008 loan was primarily for agricultural purposes, thus it was a "consumer loan" and is subject to the CCPA. Petitioners state that the 2008 loan documents characterized this as a consumer loan.

However, whether this loan satisfies the definition of "consumer loan" does not control the issue of whether petitioners may obtain relief under West Virginia Code § 46A-2-127 and § 46A-2-128. The legislature has expressly defined the type of "claim" that is subject to sections 127 and 128 more narrowly than it has defined the term "consumer loan." "Agricultural purposes" is simply not included in the definition of a "claim" that is subject to these sections. Accordingly, under the plain statutory language, and in light of the specific allegations in the Complaint, petitioners' argument fails.

Finally, on May 10, 2012, Respondent Clear Mountain Bank filed a "Motion for Leave to File a Supplemental Appendix and Tax Costs." The bank argued that petitioners failed to include

---

[1] Other aspects of the definition of "consumer loan" are not pertinent to this case.

in the appendix record documents that were necessary for consideration of the appeal and which petitioners had agreed to include. By order of June 19, 2012, we granted the bank's motion and ordered the filing of a supplemental appendix submitted by the bank. After fully considering the issues in this appeal, we conclude that the documents in the supplemental appendix were relevant and necessary for consideration of the issues on appeal and therefore should have been included in the petitioners' appendix. Accordingly, pursuant to Rule 24 of the Rules of Appellate Procedure, the Clerk is directed to prepare and certify an itemized statement of costs incurred by the bank for the submission of the supplemental appendix, which costs shall be taxed to petitioners and included in the mandate.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II